UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:15-1165 |
| v. | : | (JUDGE MANNION) |
| SHAWN WHITEBREAD, | : | |
| Defendant | : | |

**MEMORANDUM**

Currently before the court are the plaintiff's motion for default judgment, (Doc. 12), and the plaintiff's request to deem her motion an application, (Doc. 13). The court finds it necessary to schedule a damages hearing on the plaintiff's motion for default judgment, but will deem the motion an application per the plaintiff's request. Thus, the plaintiff's request to deem her motion an application is **GRANTED** and the plaintiff need not file a supplemental brief at this time. The plaintiff's motion for default judgment will be decided subsequent to the damages hearing.

In her complaint, the plaintiff alleges that defendant Shawn Whitebread, a former police officer of the Wilkes-Barre Township Police Department, sexually assaulted her. The plaintiff identifies herself as pseudonym Jane Doe due to the embarrassing nature of the events that allegedly took place. The

plaintiff alleges that on June 24, 2013 she was stopped by the defendant while he was on duty and in uniform. During this stop, the defendant confiscated suspected marijuana from the plaintiff and thereafter told the plaintiff to enter his police vehicle. The defendant then drove the plaintiff to her apartment, indicating that he wanted to have sex with her. The plaintiff unwillingly complied with the defendant's request out of fear of arrest and/or bodily harm.

Based upon the above events, on July 15, 2016, the plaintiff filed a complaint in this court, (See Doc. 1). The plaintiff's complaint alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution. Her constitutional claims were brought pursuant to Title 42, Section 1983 of the United States Code. In addition, the plaintiff included claims of assault, battery, and intentional infliction of emotional distress under Pennsylvania state law. All claims were brought against the defendant in his individual capacity alone. The plaintiff seeks compensatory damages, punitive damages, pre-judgment interest, and attorneys' fees and costs for all of her claims.

On July 28, 2016, the complaint was personally served on the defendant by Pennsylvania State Constable Thomas Rocco Roccograndi, (See Doc. 5).

2

The defendant failed to enter an appearance or respond to the plaintiff's complaint as required by Federal Rule of Civil Procedure 12. Thus, on December 4, 2015, the plaintiff moved for entry of default by the Clerk of Court and the Clerk entered default that same day. The Clerk attempted to mail notice of the default to the defendant at the address provided on the plaintiff's complaint and the address on the plaintiff's return of service form. The mailing sent to the address on the plaintiff's complaint was returned as undeliverable, (See Doc. 11). The mailing sent to the address listed on the return of service form was not returned. The plaintiff now moves for default judgment.

Federal Rule of Civil Procedure 55 provides a two-step process to be used by a party seeking a default judgment against a defendant. At step one, Rule 55(a) provides that the Clerk "must" enter a default against a party who fails "to plead or otherwise defend an action, and that action is shown by affidavit or otherwise." A default judgment is then obtained pursuant to Rule 55(b). Where the claim is for a sum certain the Clerk may also enter the default judgment. Fed. R. Civ. P. 55(b)(1). If the claim is not for a sum certain the party seeking default judgment must apply to the court for the judgment. *Id*. §55(b)(2). The court's decision to render a default judgment is

3

discretionary. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). However, when a defendant fails to appear, default judgment is authorized "solely on the fact that the default has occurred." *Anchorage Assocs. v. Virgin Island Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990).

In making the default judgment determination, "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial -- when . . . it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). A hearing is an important mechanism because, although all well pleaded facts in the plaintiff's complaint are accepted as true after default, the default itself does not establish liability or conclusions of law. *Martin v. Nat'l Check Recovery Servs., LLC*, Civil No. 1:12-CV-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016); 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §2688.1 (4th ed. 2016). "[T[he court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A CHARLES ALAN WRIGHT ET AL., *supra*, at §2688.1. A default also does not establish the amount of damages that are appropriate. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); Martin, 2016 WL 3670849, at *1.

4

The determination of damages must be made by the court. 10A CHARLES ALAN WRIGHT ET AL., *supra*, at §2688.

The plaintiff's claims are not for a sum certain. Therefore, she must use the procedures set forth in Rule 55(b)(2). Given the sensitive nature of the events alleged in the plaintiff's complaint, the court finds that a hearing is necessary to establish damages.[1] This is particularly true in light of the request for punitive damages.[2] A separate order shall issue setting forth the date of the hearing. The plaintiff will be required to put forth evidence regarding the specific amounts of damages requested.

The court also directs the plaintiff to serve a copy of this memorandum, accompanying order, and the plaintiff's application to the defendant at both the address listed in the complaint and the address listed in the return of service form. Normally, a defendant who fails to appear need not be notified

---

[1] The plaintiff's complaint sufficiently establishes liability under Section 1983 and assault, battery and intentional infliction of emotional distress under Pennsylvania law.

[2] Punitive damages are available in a Section 1983 action against an individual defendant if those actions are reckless, callous, or motived by evil motive or intent. *Smith v. Wade*, 461 U.S. 30, 35 (1983). "As a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed. R. Civ. P. 55(b)(2)." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1152 (3d Cir. 1990).

5

by the plaintiff that the plaintiff is seeking default judgment. *See* Fed. R. Civ. P. 55(b)(2) (providing that only parties who have personally appeared or appeared through a representative must be served with written notice of an application for default judgment). However, in light of the multiple addresses on the record for the defendant and the mailing that was returned to the court as undeliverable, the court finds that additional service is appropriate.

Lastly, the plaintiff seeks to deem her motion for default judgment an application in order to obviate the need to file a supporting brief per Local Rule 7.1. In light of the defendant's failure to enter an appearance and plead, the court deems a supporting brief to be unnecessary. Accordingly, the plaintiff's request to deem her motion for default judgment an application is **GRANTED**. However, if the defendant enters an appearance and attempts to defend the action after service is completed, the court may require further briefing. The court will direct the plaintiff to file a supporting brief if the court deems this to be necessary at a later time.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 31, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1165-01.wpd